IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN MALDONADO,

    Petitioner,

vs.                                                                                                 No. 20-cv-842-KWR-GJF

SIXTH JUDICIAL DISTRICT COURT,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Steven Maldonado's *Pro Se* Petition for Writ of Mandamus (Doc. 1). The Petition relates to his state convictions for criminal sexual penetration of a child, Case No. D-608-CR-2013-0181. Petitioner alleges New Mexico's Sixth Judicial District Court refuses to compel discovery and/or send him records from that case. Specifically, Petitioner seeks laboratory reports and video interviews to use in his federal 28 U.S.C. § 2254 action. He filed that action on May 26, 2020, and it is pending before the Hon. Martha Vazquez. *See Maldonado v. Martinez,* No. 20-cv-507 MV-GJF. In the instant matter, Petitioner asks the Court to issue a writ of mandamus requiring the State Court to turn over the requested documents.

    Mandamus relief is governed by 28 U.S.C. § 1361. That statute provides: "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. By its terms, § 1361 only permits Federal Courts to compel action by a federal official. "The statute does not allow relief against state officials or state agencies." *Mathieu v. Brown*, 780 Fed. App'x 665, 666 (10th Cir. 2019). *See also Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 n. 2 (10th Cir. 1989) (Section 1361's "jurisdictional grant … does

not apply to the state defendants"). Accordingly, the Court lacks jurisdiction in this proceeding to compel the State Court to produce documents. *See United States v. Tinajero-Porras*, 304 Fed. App'x 754, 757 (10th Cir. 2008) (Federal Courts lack jurisdiction to compel production of documents from a respondent who is "not an officer or employee of the United States" under § 1361).

The Court will dismiss the Petition (Doc. 1) without prejudice for lack of jurisdiction. Petitioner may refile his request for documents in his pending § 2254 case, No. 20-cv-507 MV-GJF. If that § 2254 petition survives initial screening - meaning there is not a clear bar to relief such as timeliness or exhaustion - the Court will order Respondents to file an answer along with copies of all relevant state court documents. Habeas Corpus Rule 6 also permits Petitioner to request discovery in Case No. 20-cv-507 MV-GJF, if additional evidence is necessary to support the § 2254 claims.

**IT IS ORDERED** that Steven Maldonado's *Pro Se* Petition for Writ of Mandamus (**Doc. 1**) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and the Court will enter a separate judgment closing the civil mandamus case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE